UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 17-8623-CAS-KK | Date: | July 6, 2018 |
| Title: | *Christopher Haas v. Neil McDowell* | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order To Show Cause Why This Action Should Not Be Dismissed As A Mixed Petition

## I.
## INTRODUCTION

On November 15, 2017, Christopher Haas ("Petitioner"), proceeding pro se, constructively filed[1] a Petition pursuant to 28 U.S.C. § 2254 ("Petition"). See ECF Docket No. ("Dkt.") 1, Petition. Petitioner challenges his 2015 convictions in Los Angeles County Superior Court for first degree murder and attempted murder with gang and gun enhancements. Id. at 2. The Petition sets forth three grounds for habeas relief: (1) "The instructions given for [attempted murder] permitted the jury to find [Petitioner] acted with premeditation even if only Herrera, the perpetrator acted with it" ("Claim One"); (2) the trial court erred in denying a duress instruction as a defense to the charge of murder, where Petitioner was charged as an accomplice ("Claim Two"); and (3) "The trial court erred in instructing the jury that it could determine whether Mayra Sanchez was an accomplice where the evidence at trial would support that she was an accomplice [as a matter of law]" ("Claim Three"). Id. at 5-6.

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).

The Petition, however, appears subject to dismissal because Petitioner has not exhausted his state remedies with respect to Claim Three. The Court will not make a final determination regarding whether the Petition should be dismissed without giving Petitioner an opportunity to address this issue.[2]

Accordingly, the Court hereby issues this Order to Show Cause why the Petition should not be dismissed and specifically orders Petitioner to respond to the Order to Show Cause in writing no later than **August 6, 2018**. The Court further directs Petitioner to review the information that follows, which provides additional explanation as to why the Petition appears to be subject to dismissal and may assist Petitioner in determining how to respond.

## II.
## THE PETITION IS A MIXED PETITION SUBJECT TO DISMISSAL

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts to give the State the opportunity to pass upon and correct alleged violations of the petitioner's federal rights. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process to properly exhaust a claim. O'Sullivan, 526 U.S. at 845.

For a petitioner in California state custody, this generally means the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. See id. (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888.

The inclusion of both exhausted and unexhausted claims in a habeas petition renders it mixed and subject to dismissal without prejudice. See Rose v. Lundy, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982) ("In sum, because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims.").

Here, it appears from the Petition and supporting documents, including Petitioner's petition for review to the California Supreme Court on direct appeal, that Petitioner has not presented Claim Three to the California Supreme Court. See dkt. 1. Thus, Claim Three has not

---

[2] On January 24, 2018, Neil McDowell ("Respondent") filed a Motion to Dismiss the Petition. Dkt. 9. In light of this Order, the Court declines to rule on the Motion at this time.

been exhausted. If this is correct, the Petition is a mixed petition and subject to dismissal without prejudice. See Rose, 455 U.S. at 522.

## III.
## ORDER

Petitioner is therefore ORDERED TO SHOW CAUSE why the Petition should not be dismissed for failure to exhaust state remedies by filing a written response **no later than August 6, 2018**. Petitioner must respond to this Order pursuant to one or more of the options listed below.

**Option 1 - Petitioner May Explain Claim Three Is Exhausted:** If Petitioner contends he has in fact exhausted his state court remedies on Claim Three, he should clearly explain this in a written response to this Order. Petitioner should attach to his response copies of any documents establishing that Claim Three is indeed exhausted. Petitioner may also file a response, and include a notice that, if the Court still finds Claims Three to be unexhausted, he alternatively selects one of the other options discussed below.

**Option 2 - Petitioner May Voluntarily Dismiss Claim Three And Proceed Only On Exhausted Claims One and Two:** If Petitioner wishes to proceed on the exhausted Claims One and Two only, he may file a request to voluntarily dismiss Claim Three. The Court advises Petitioner that if he elects to proceed now with only his exhausted claims, any future habeas petitions containing Claim Three, or other claims that could have been raised in the instant Petition may be rejected as successive or may be time-barred.

**Option 3 - Petitioner May Request a *Rhines* Stay:** Under Rhines v. Weber, 544 U.S. 269, 161 L. Ed. 2d 440, 161 L. Ed. 2d 440 (2005), a district court has discretion to stay a petition to allow a petitioner time to present his unexhausted claims to state courts. Id. at 276; Mena v. Long, No. 14-55102, (9th Cir. Feb. 17, 2016) (holding the Rhines stay-and-abeyance procedure applies to both mixed and fully unexhausted habeas petitions). This stay and abeyance procedure is called a "Rhines stay" and is available only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. Rhines, 544 U.S. at 277-78.

Petitioner may file a motion for a Rhines stay and support his request by showing: (1) there is "good cause" for the failure to exhaust; (2) the grounds raised are not "plainly meritless"; and (3) Petitioner did not intentionally engage in dilatory litigation tactics. See id. Petitioner should include any evidence supporting his request for a Rhines stay.

**Option 4 - Petitioner May Request A *Kelly* Stay:** Under Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2003), if a petitioner dismisses a mixed petition's unexhausted claims, the court may stay the petition's remaining exhausted claim to allow the petitioner time to exhaust the unexhausted claims in state court. Id. at 1070-71. This is called a "Kelly stay." Unlike a Rhines

stay, a <u>Kelly</u> stay "does not require that a petitioner show good cause for his failure to exhaust state court remedies." <u>King v. Ryan</u>, 564 F.3d 1133, 1135 (9th Cir. 2009).

A <u>Kelly</u> stay involves a three-step procedure: "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and hold in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." <u>Id.</u> (citing <u>Kelly</u>, 315 F.3d at 1170-71). Thus, "<u>Kelly</u> allows the stay of <u>fully exhausted</u> petitions, requiring that any unexhausted claims be dismissed." <u>Id.</u> at 1139-40 (emphasis in original) (citing <u>Jackson v. Roe</u>, 425 F.3d 654, 661 (9th Cir. 2005)).

While a <u>Kelly</u> stay does not require a showing of good cause, it requires compliance with the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act. 28 U.S.C. § 2244(d)(1). "A petitioner seeking to use the <u>Kelly</u> procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely." <u>King</u>, 564 F.3d at 1140-41. After expiration of the limitation period, "a petitioner may amend a new claim into a pending federal habeas petition . . . only if the new claim shares a 'common core of operative facts' with the claims in the pending petition; a new claim does not 'relate back' . . . simply because it arises from the 'same trial, conviction, or sentence.'" <u>Id.</u> at 1141 (citation omitted).

Petitioner may file a motion for a <u>Kelly</u> stay and follow the three-step procedure above. First, Petitioner must file a proposed notice voluntarily dismissing Claim Three along with a motion expressly requesting a <u>Kelly</u> stay. <u>See</u> <u>id.</u> at 1135. The Court will then stay and hold in abeyance the fully exhausted Petition containing only the exhausted Claims One and Two and allow Petitioner the opportunity to exhaust the deleted Claim Three in state court. <u>See</u> <u>id.</u>

**Caution:** Petitioner is cautioned that if he requests a stay and the Court denies the request for a stay, or if Petitioner contends that he has in fact exhausted his state court remedies on all grounds and the Court disagrees, the Court will dismiss the Petition for failure to exhaust state remedies. **Accordingly, Petitioner may select options in the alternative.**

**The Court expressly warns Petitioner that failure to timely file a response to this Order will result in the Court dismissing this action without prejudice as a mixed petition and for failure to prosecute and comply with court orders. <u>See</u> Fed. R. Civ. P. 41(b).**

The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.

**IT IS SO ORDERED.**